UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HSA MU NA,

    Petitioner,

        v.

MARKWAYNE MULLIN, SAMUEL
OLSON, WARDEN, TODD BLANCHE,
and TODD M. LYONS,

    Respondents.

CAUSE NO. 3:26-CV-716-CCB-SJF

## OPINION AND ORDER

Immigration detainee Hsa Mu Na, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Na has filed a reply. ECF 7, ECF 10. The petition is ready to be decided.

BACKGROUND

Na is a citizen of Burma/Myanmar who was born in Thailand. ECF 7-1 at 6. He came to the United States in 2008 as a refugee and became a lawful permanent resident in 2010. *Id.* In 2016, he was convicted of federal child pornography charges and sentenced to 60 months' imprisonment. *Id.* These charges led to him being ordered removed to Burma/Myanmar or, in the alternative, to Thailand on May 12, 2021. *Id.* at 8-10. He was granted deferral of removal under the Convention Against Torture to Burma. *Id.* at 10. Na was released from immigration detention on an Order of Supervision.

On November 18, 2025, ICE revoked Na's supervised release under 8 C.F.R. § 241.13 and detained him because ICE determined there was a significant likelihood of removal in the reasonably foreseeable future. ECF 7-1 at 11-12.

Na filed this habeas petition in May 2026, arguing his continued detention was unlawful because his removal was not reasonably foreseeable. He argued his removal was not reasonably foreseeable because neither Burma nor Thailand will issue travel documents for him and at his 180-day custody review, no third country had been identified for his removal. He asked to be released on supervision.

In answering the petition, respondents provide a declaration from a deportation officer, detailing the steps taken to remove Na from the United States. ECF 7-2. On April 2, 2024, before his re-detention, ICE Enforcement and Removal Operations (ERO) submitted a request to Thailand to accept Na, but Thailand refused the request. *Id.* at 4. On December 12, 2025, ICE ERO submitted a request to Laos to accept Na. *Id.* As of June 4, 2026, when the declaration was signed, the request to Laos was still pending. *Id.*

In reply, Na argues the government has not established his removal is reasonably foreseeable. He notes the travel document request to Laos has been pending for six months without a decision. Further, he asserts that he has expressed a fear of removal to Laos, but he has not received a credible fear interview or hearing before an immigration judge on whether he would be persecuted or tortured if removed to Laos.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Na's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has

thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (discussing § 1252(b)(9) and § 1252(g)); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondents first argue that Na's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Na ended in 2021, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

3

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Na has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

Na has provided good reason to believe his removal is not reasonably foreseeable based on the deferral of removal to Burma and the lack of any demonstrable progress towards his removal after more than six months of re-detention. The government has not provided evidence to rebut that showing. Na's removal to Burma is foreclosed while the deferral is in effect. Thailand has refused to accept him. And the request to Laos has been pending for more than six months without any indication of success. Respondents provide no insight into when Laos might respond to the request or the likelihood that Laos will ultimately issue travel documents as part of a third country removal. His immediate period of detention has now exceeded seven months with no prospect of removal in sight. Consequently, the court finds that the respondents have not adequately demonstrated that Na's removal is reasonably foreseeable. Therefore, the respondents must release him.

For these reasons, the court:

4

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondents to release Hsa Mu Na on the same conditions of supervised release and to certify compliance with this order by filing a notice with the court by **July 6, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on July 2, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5